UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CLIPPER WONSILD TANKERS HOLDING A/S, :
ON BEHALF OF PANAMERICAN TANKERS, :
INC. :
           Plaintiff,                            :           08 Civ. _____
                                                                             ECF CASE
   - against -                                  :

IRAN PETROCHEMICAL COMMERCIAL CO., :

           Defendant.                         :
----------------------------------------------------------------X

**VERIFIED COMPLAINT**

The Plaintiff, CLIPPER WONSILD TANKERS HOLDING A/S, ON BEHALF OF PANAMERICAN TANKERS, INC. (hereinafter "Plaintiff" or "Clipper"), by its attorneys, Tisdale Law Offices, LLC, as and for its Verified Complaint against the Defendant, IRAN PETROCHEMICAL COMMERCIAL CO., (hereinafter "Defendant" or "IPCC") alleges, upon information and belief, as follows:

    1.     This is an admiralty and maritime claim within the meaning of the Federal Rule of Civil Procedure 9(h) and 28 United States Code § 1333.

    2.     At all material times, Plaintiff was and still is an entity duly organized and existing by virtue of foreign law.

    3.     Upon information and belief, at all material times, Defendant IPCC was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business at: Tehran No. 1339, Vali-e-asr Ave., Tehran 19697, Iran, P.O. Box 19395/4619.

4. By a charter party dated April 4, 2007, Plaintiff chartered the motor tanker "ESHIPS DUGON" (hereinafter the "Vessel") to the Defendant IPCC for the carriage of a cargo of benzene from Bandar Imam Khomeini to Huelva, Malta.

5. Certain disputes arose between the parties regarding Defendant IPCC's failure to pay demurrage other sums due and owing to the Plaintiff in breach of the charter party contract.

6. As a result of IPCC's breach of the charter party contract, Plaintiff will suffer losses in the total principal amount of EUR 49,112.83 which is equal to the sum of USD 71,296.44, as best can now be estimated, exclusive of interest, recoverable costs and reasonable attorneys fees. *See February 20, 2008 invoice and Laytime Calculation attached hereto as Exhibit "1."*

7. Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English law to apply.

8. In accordance with the charter party, the plaintiff will soon commence arbitration in London and appoint its arbitrator.

9. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London proceedings pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in arbitration:

|   |   |   |
|---|---|---|
| A. | Principal claim: | $71,296.44 |
| B. | Estimated interest on the principal claim at 7% for three years | $16,517.49 |
| C. | Attorneys fees and arbitration costs: | $25,000.00 |
| Total: |   | **$112,813.93** |

10. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendant.

11. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and federal common law attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank,

J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A. which are due and owing to the Defendants, in the amount of **$112,813.93** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Complaint;

C. That this Court recognize and confirm any foreign judgment/award of costs on the claims had herein as a judgment of this Court;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: September 3, 2008
       New York, New York

The Plaintiff,
CLIPPER WONSILD TANKERS A/S ON
BEHALF OF PANAMERICAN TANKERS INC.,

By: _____
Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT5263)
TISDALE LAW OFFICES, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 (Phone)
(212) 869-0067 (Fax)
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY VERIFICATION

State of Connecticut  )
                           ) ss: SOUTHPORT
County of Fairfield    )

1. My name is Lauren C. Davies.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for the Plaintiff in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated: September 3, 2008
        Southport, Connecticut

_____
Lauren C. Davies

# EXHIBIT 1



Iranian Petrochemical Commercial Co.

Teheran
Iran

**Clipper Wonsild Tankers Holding A/S**

Harbour House
Sundkrogsgade 21
DK-2100 Copenhagen
Denmark
VAT NO. DK 28 86 64 29
Phone: +45 4911 8400
Fax:   +45 3915 1440
www.clipper-wonsild.com

**ORIGINAL**

Date    20 February 2008
Inv no  PANAM01332

## Invoice

m.t. Eships Dugon - C/P 4 April 2007 - Voy No. 1
Loading port: BANDAR IMAM KHOMEINI - Discharging port: HUELVA, MALTA (GRAND HARBOUR)
B/L date 23-04-07

|   | EUR |
|---|---|
| Demurrage | 49.112,03 |
| **Balance in Owners favour** | 49.112,03 |

E.& O.E.

We ask you kindly to transfer above balance with value 29 May 2007 to:

Nordea Bank Danmark A/S
Postbox 850
DK-0900 Kobenhavn C
Denmark
Swift Code: NDEADKKK
Bank Branch No: 2149
Account No: 5036 129 117
Iban No: DK17 2000 5036 129 117
Beneficiary: Clipper Wonsild Tankers Holding A/S
Reference: Eships Dugon - Com 498 - F000086 - Client 804

Yours faithfully
Clipper Wonsild Tankers Holding A/S
(as agents only)

Yumy Christensen

# LAYTIME CALCULATION

| Vessel | Eships Dugon | | | | | Voyage No | 1 |
|---|---|---|---|---|---|---|---|
| Charterer | Iranian Petrochemical Commercial Co. | | | | | C/P Date | 04-04-07 |
| Cargo | Benzene | | | | | Fixture | F080086 |
| LAYCAN | 19-04-07 to 21-04-07 | | | | | Time bar | |

| | Count | Date | Time | % | Time used |
|---|---|---|---|---|---|

**LOADING BANDAR IMAM KHOMEINI**

| | | | | | |
|---|---|---|---|---|---|
| End of seapassage | | 16-04-07 | 21:00 | 100,00 | |
| Anchored | | 16-04-07 | 21:00 | 100,00 | |
| NOR tendered | | 19-04-07 | 0:00 | 100,00 | |
| Laytime commences | Start | 19-04-07 | 6:00 | 100,00 | |
| Anchor aweigh | End | 21-04-07 | 23:12 | 100,00 | 65 hrs 12 min |
| All fast | Start | 22-04-07 | 3:30 | 100,00 | |
| Tank inspection starts | End | 22-04-07 | 4:00 | 100,00 | 0 hrs 30 min |
| Hoses connected | | 22-04-07 | 5:00 | 100,00 | |
| Tank inspection completed | Start | 22-04-07 | 6:00 | 100,00 | |
| Tanks passed | | 22-04-07 | 6:30 | 100,00 | |
| Loading commenced | | 22-04-07 | 7:55 | 100,00 | |
| | End | 22-04-07 | 23:35 | 100,00 | 17 hrs 35 min |
| Loading completed | | 23-04-07 | 4:00 | 100,00 | |
| Hoses disconnected | | 23-04-07 | 4:55 | 100,00 | |
| Documents onboard | | 23-04-07 | 6:00 | 100,00 | |
| Sailed | | 23-04-07 | 9:45 | 100,00 | |
| **TOTAL LOADING BANDAR IMAM KHOMEINI** | | | | | 83 hrs 17 min |

**DISCHARGING MALTA (GRAND HARBOUR)**

| | | | | | |
|---|---|---|---|---|---|
| End of seapassage | | 07-05-07 | 16:00 | 100,00 | |
| NOR tendered | | 07-05-07 | 16:00 | 100,00 | |
| Anchored Hurd Anchorage awaiting readings of STS | | 07-05-07 | 16:45 | 100,00 | |
| Laytime commences | Start | 07-05-07 | 22:45 | 100,00 | |
| MT Etrusco alongside after picking up hoses etc | | 08-05-07 | 20:00 | 100,00 | |
| Hoses connected | | 08-05-07 | 20:48 | 100,00 | |
| Discharging commenced | | 08-05-07 | 22:48 | 100,00 | |
| Discharging completed | | 09-05-07 | 7:00 | 100,00 | |
| Hoses disconnected | End | 09-05-07 | 7:36 | 100,00 | 32 hrs 51 min |
| Documents onboard | | 09-05-07 | 8:30 | 100,00 | |
| Sailed | | 09-05-07 | 9:00 | 100,00 | |
| **TOTAL DISCHARGING MALTA (GRAND HARBOUR)** | | | | | 32 hrs 51 min |

**DISCHARGING HUELVA**

| | | | | | |
|---|---|---|---|---|---|
| NOR tendered | | 12-05-07 | 22:30 | 100,00 | |
| Anchored | | 12-05-07 | 22:30 | 100,00 | |
| Laytime commences | Start | 13-05-07 | 4:30 | 100,00 | |
| Anchor aweigh | End | 15-05-07 | 3:30 | 100,00 | 47 hrs 00 min |
| All fast | Start | 15-05-07 | 6:12 | 100,00 | |
| Hoses connected | | 15-05-07 | 7:54 | 100,00 | |
| Discharging commenced | | 15-05-07 | 9:18 | 100,00 | |
| Discharging completed | | 16-05-07 | 10:00 | 100,00 | |
| Hoses disconnected | End | 16-05-07 | 10:24 | 100,00 | 28 hrs 12 min |
| Documents onboard | | 16-05-07 | 10:30 | 100,00 | |

## LAYTIME CALCULATION

| | | | | |
|---|---|---|---|---|
| Vessel | Eships Dugan | | Voyage No | 1 |
| Charterer | Iranian Petrochemical Commercial Co. | | C/P Date | 04-04-07 |
| Cargo | Benzene | | Fixture | F000986 |
| LAYCAN | 19-04-07 to 21-04-07 | | Time bar | |
| TOTAL DISCHARGING HUELVA | | | | 75 hrs 12 min |

| | | | |
|---|---|---|---|
| Total Time Used | | 191 hrs 28 min | 11488 min |
| Less Time Allowed | | 78 hrs 55 min | 4735 min |
| On Demurrage | | 112 hrs 25 min | 6745 min |
| At full rate | EUR 10.485,00 | 112 hrs 25 min | 6.745 min |
| | Total Amount | EUR | 49.112,83 |